

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-18-00197-CR &
06-18-00198-CR

EDWIN ANTONIO OSORIO-LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court Nos. 17914 & 17927

Before Morriss, C.J., Burgess and Stevens, JJ.

# O R D E R

Edwin Antonio Osorio-Lopez has appealed from convictions for aggravated assault with a deadly weapon and evading arrest/detention with a vehicle. The clerk's record in these matters was filed November 27, 2018, and the reporter's record was filed February 6, 2019. The appellant's brief was filed April 30, 2019, making the State's brief due May 30, 2019.

Pending before this Court is the State's motion for supplementation of the reporter's record and for an extension of time in which to file its brief. In its motion, the State contends that a portion of a February 13, 2018, hearing was not transcribed by the court reporter. Specifically, the State posits,

> While reviewing the Reporter's Record, . . . the State of Texas[] found that a portion of a hearing from February 13, 2018[,] is not included in the record. The events of that hearing are relevant and necessary to Appellee's argument. Specifically, the attorneys for both the State and Defense questioned Appellant prior to the Trial Court's examination. Without those portions of the record, Appellant is unable to fully address the issues presented to this Honorable Court of Appeals.

By way of contrast, the court reporter assures this Court that the transcription of the February 13 hearing is correct and complete. She stated in an email to the Court, "The 2/13 record is correct. There is no more. I have checked my record and the judge's docket sheet, there is nothing else."

Since the State has raised issues regarding the accuracy of the reporter's record after it has been filed in this Court, we will submit this dispute to the trial court for resolution under Rule 34.6(e)(3) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(e)(3). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6(e), subsections (2) and (3), for the purposes of (1) determining whether all portions of the record to which the parties are entitled have been provided to them and filed with this Court and

2

(2) identifying and correcting, if possible, any inaccuracies in the reporter's record that has been filed and provided to the parties.

We instruct the trial court to conduct an evidentiary hearing within fifteen days of the date of this order and to enter findings regarding the following:

1. Precisely what portions of the record (including exhibits) the State (or any other party) claims are missing and/or what parts of the record the State (or any other party) claims are inaccurate (including every exhibit that it claims is incomplete or inaccurate);

2. For each error or omission identified in response to No. 1 above, whether the issue can be resolved by agreement as contemplated by Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure;

3. If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the reporter's record is corrected in accordance with the parties' agreement;

4. If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rule 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record;

5. For each error or omission identified in response to No. 1 above, whether any missing exhibit or portion of the reporter's record has been lost or destroyed as contemplated by Rule 34.6(f) of the Texas Rules of Appellate Procedure; and

6. For each exhibit or portion of the reporter's record that is determined to be lost or destroyed, if any, the trial court is instructed to take evidence on and enter findings regarding each

3

of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellant is entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record.

7. We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing. The reporter's record of the hearing, and any certified corrections to the reporter's record under Rule 34.6(e)(2), shall be filed in the form of a supplemental reporter's record within ten days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record. We withdraw the State's current briefing deadline and will establish a new briefing schedule once the case is returned to our jurisdiction from abatement.

IT IS SO ORDERED.


BY THE COURT

Date: May 29, 2019

4